IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

BRIANNA NICOLE PAIGE,

        Plaintiff,

v.                                                                        CIVIL ACTION NO. 2:23-cv-00068

SHERRI A. YOUNG, et al.,

        Defendants.

MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Objections to the United States Magistrate Judge Dwayne L. Tinsley's Order filed on July 14, 2023, [ECF No. 24], denying Plaintiff's request to proceed *in forma pauperis*. This action was referred to the Honorable Dwayne L. Tinsley, United States Magistrate Judge, for submission to this court of Proposed Findings and Recommendations ("PF&R") for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). This matter is now ripe for review. For the reasons discussed below, Plaintiff's objections are **OVERRULED**, and this action is **DISMISSED without prejudice**.

    I.     **Background**

On January 27, 2023, Plaintiff Brianna Nicole Paige filed a Complaint in this court, alleging that West Virginia's name change statutes violate her rights under the Fourteenth Amendment and the Americans with Disabilities and Rehabilitation

Acts. [ECF No. 3]. Prior to filing her Complaint, Plaintiff also filed an Application to Proceed without Prepayment of Fees or Costs, claiming that she is currently incarcerated and has no employment or funds with which she can pay the filing fee for this case. [ECF No. 1]. The action and pending Application were referred to the Honorable Dwane L. Tinsley, who denied Plaintiff's Application in an Order entered on June 13, 2023. [ECF No. 22].

In his Order, Magistrate Judge Tinsley found that Plaintiff had previously filed—albeit under her "deadname"[1] William LaRue—at least three other actions in federal court that had been dismissed as frivolous or malicious or were otherwise dismissed for failure to state a claim upon which relief could be granted. *Id.* at 2. Because at least three prior actions had been dismissed for frivolity, maliciousness, or failure to state a claim, Magistrate Judge Tinsley determined that the "three-strikes rule" of the Prison Litigation Reform Act of 1995 ("PLRA") applied to this case. *Id.* at 2. Because Plaintiff had "fail[ed] to state any facts indicating that [she] is under imminent danger of serious physical injury sufficient to warrant an exception to the PLRA three[-]strikes rule," he denied Plaintiff's Application and ordered her to pay the $402 filing fee, in full, by June 30, 2023. *Id.* at 3. Plaintiff was notified that failure to comply with the order would result in "the recommended dismissal of this matter for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure." *Id.*

---

[1] Defined as "the name that a transgender person was given at birth and no longer uses upon transitioning." *Deadname*, Merriam-Webster Online Dictionary, https://www.merriam-webster.com/dictionary/deadname (last visited Nov. 8, 2023).

On July 14, 2023,—fourteen days after the deadline to pay the filing fee—Plaintiff filed her Objections to the U.S. Magistrate Judge Dwayne L. Tinsley's Order. [ECF No. 24]. In it, Plaintiff claims that Magistrate Judge Tinsley was in "total error" when he found that the Complaint did not state facts indicating that she is under imminent danger of serious physical injury. *Id.* ¶¶ 2, 4. According to Plaintiff, the Complaint clearly states that "mismatches between the plaintiff's identification documents (i.e. birth-certificates and social security card) and her outward female gender presentation creat[e]s risks to the health and safety of the Plaintiff," *Id.* ¶ 6, because "[t]ransgender females like plaintiff who present mismatched identification documents are verbally harassed, physically assaulted, killed, brutalized, denied services and benefits[,] and even asked to leave the premises, *Id.* ¶ 7. *See* [ECF No. 3, ¶¶ 33–34]. These acts, Plaintiff claims, are encouraged by the current West Virginia name change statutes, [ECF No. 24, ¶ 9], and present "an imminent threat to [her] health and safety," *Id.* ¶ 11. Based on these claims of imminent danger of serious physical injury, Plaintiff asks this court to reject and vacate Magistrate Judge Tinsley's Order and allow her to proceed without prepayment of fees and costs. *Id.* at 3.

## II. Standard of Review

When a magistrate judge hears and determines a non-dispositive pretrial matter in a case, a party may object to that determination within 14 days after being served with a copy of the decision. Fed. R. Civ. P. 72(a). The district judge in the case must consider timely objections and "may modify or set aside any portion of a

magistrate judge's non-dispositive ruling 'where it has been shown that the magistrate judge's order is *clearly erroneous or contrary to law.*'" *Berman v. Cong. Towers Ltd. P'ship-Section I*, 325 F. Supp. 2d 590, 592 (D. Md. 2004) (quoting 28 U.S.C. § 636(b)(1)(A)) (emphasis added); *see also* Fed. R. Civ. P. 72(a). Under the "clearly erroneous" standard, "the court is only required to determine whether the magistrate judge's findings are reasonable and supported by the evidence." *Berman*, 325 F. Supp. 2d at 592.

### III. Discussion

I will review the pending motion and petition for clear error. *See* 28 U.S.C. § 636(b)(1)(A).

#### A. Timeliness of Objections

As a threshold matter, it should be noted that Plaintiff's objections were untimely under Fed. R. Civ. P. 72(a). This Rule requires that objections to the determinations of a magistrate judge be filed within 14 days after being served with a cop of the decision. Fed. R. Civ. P. 72(a). In this case, Magistrate Judge Tinsley's Order was dispatched on June 13, 2023. [ECF No. 22]. Plaintiff's Objections, however, were filed one month later on July 14, 2023. [ECF No. 24]. As such, they are untimely. However, because it appears from the record that Plaintiff was transferred between Bureau of Prisons facilities at approximately the same time that Magistrate Judge Tinsley's Order was issued, it is unclear to me whether it was possible for Plaintiff to respond within the time period of Rule 72(a). In the face of this uncertainty and in the interest of justice, I will consider the merits of Plaintiff's Objections.

### B. Imminent Danger Exception to PLRA Three-Strikes Rule

The PLRA was enacted to address "a concern about the endless flood of frivolous litigation brought by inmates." *McLean v. United States*, 566 F.3d 391, 397 (4th Cir. 2009) (internal citations omitted). "'To accomplish its goal of reducing the number of frivolous lawsuits,' Congress imposed on incarcerated persons, among other hurdles, the three-strikes limitation to proceeding [*in forma pauperis*]." *Hall v. United States*, 44 F.4th 218, 222 (4th Cir. 2022) (quoting *Green v. Young*, 454 F.3d 405, 406–07 (4th Cir. 2006)). The PLRA provides that:

> In no event shall a prisoner bring a civil action . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brough an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, *unless the prisoner is under imminent danger of serious physical harm.*

28 U.S.C. § 1915(g) (emphasis added). "[A]n exception to this prohibitive bar" exists if the prisoner alleges that he or she is "under imminent danger of serious physical injury." *Hall*, 44 F.4th at 224. However, "the exception is triggered only if the incarcerated person alleges sufficient and specific facts establishing that he or she is in imminent danger of serious injury at the time of filing." *Id.*; *see also Johnson v. Warner*, 200 F. App'x 270, 272 (4th Cir. 2006) (internal citation omitted) (holding that "vague, speculative, or conclusory allegations are insufficient to invoke the exception of § 1915(g); rather, the inmate must make 'specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury'"). If this exception does not apply, the district court may deny the prisoner leave to proceed *in forma pauperis* pursuant to the three-strikes rule and

dismiss the complaint without prejudice. *See Finley v. Doe*, No. 5:07-cv-00807, 2008 WL 2645472, at *2 (S.D. W. Va. June 30, 2008).

In the past, Plaintiff has brought at least three actions that were each dismissed for failure to state a claim upon which relief could be granted. *See LaRue v. Matheny*, No. 2:08-00983, 2010 WL 786249 (S.D. W. Va. Ma. 4, 2010) (Faber, J.), *aff'd* 385 F. App'x 328 (4th Cir. 2010) (dismissed with prejudice for failure to state a claim upon which relief can be granted); *LaRue v. Hustler Mag., Inc.*, No. 2:08-cv-01214, 2010 WL 1379906 (S.D. W. Va. Mar. 30, 2010) (Faber, J.) (dismissed with prejudice for failure to state a claim upon which relief can be granted); *LaRue v. Rubenstein*, No. 2:09-0395, 2009 WL 5217680 (S.D. W. Va. Dec. 31, 2009) (Copenhaver, J.) (dismissed for failure to state a claim upon which relief can be granted). In fact, according to Magistrate Judge Tinsley's findings, "Plaintiff has filed 15 other lawsuits in this court alone." [ECF No. 22, at 2 n.1]. Absent any exceptions, this conduct clearly invokes the PLRA's three-strikes rule. The only question that remains, then, is whether the exception for imminent danger applies in this case.

As discussed above, Plaintiff claims that "[t]ransgender females like plaintiff who present mismatched identification documents are verbally harassed, physically assaulted, killed, brutalized, denied services and benefits[,] and even asked to leave the premises." [ECF No. 24, ¶ 7]; *see also* [ECF No. 3, ¶¶ 33–34]. These acts, Plaintiff claims, are encouraged by the current West Virginia name change statutes, [ECF No. 24, ¶ 9], and present "an imminent threat to [her] health and safety," *Id.* ¶ 11. However, Plaintiff provides no proof to corroborate these claims, such as examples of

past threats or harm inflicted due to Plaintiff's mismatched identification documentation. She has not specifically pleaded that she, herself, is in any immediate danger of harm. Without facts to substantiate Plaintiff's claims, they are mere conclusory allegations insufficient to invoke the three-strikes rule's exception for imminent danger of serious physical injury.

As such, Magistrate Judge Tinsley's Order, [ECF No. 22], denying Plaintiff's Application to proceed *in forma pauperis* was reasonable and not clearly erroneous, and Plaintiff's Objections, [ECF No. 24], are **OVERRULED**.

### IV. Conclusion

Upon review of Magistrate Judge Tinsley's Order and the Plaintiff's objections, I **FIND** that Magistrate Judge Tinsley's Order was not clearly erroneous or contrary to law. Thus, I **OVERRULE** Plaintiff's Objections, [ECF No. 24], and **ORDER** that that this case be **DISMISSED without prejudice** and stricken from the docket.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: November 9, 2023

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE